No. 18,000.

Floyd J. Standley, et al. *v.* American Automobile
Insurance Company.

(314 P. [2d] 696)

Decided August 19, 1957.

Mr. A. E. Small, Jr., for plaintiffs in error.

Messrs. Wormwood, O'Dell & Wolvington, for defendant in error.

*In Department.*

Mr. Chief Justice Moore delivered the opinion of the Court.

We will refer to the parties as they appeared in the trial court where plaintiffs in error were defendants and defendant in error was plaintiff.

Plaintiff company was surety on a bond guaranteeing remittances of C.O.D. collections to the consignors of merchandise. The principal obligor on said bond was the Colorado Highway Transport, Inc., a common carrier. Defendants were officers of the carrier company and actively in charge of its affairs at all times here in question.

Between April 1 and August 31, 1954, the carrier company accepted numerous C.O.D. shipments which were delivered to the consignees and for which the carrier collected the amounts due. The money thus collected was deposited to the carrier company account. The C.O.D. collections were not remitted to the consignors of the merchandise but were commingled with money of the carrier company and the account thus created was expended by defendants, as officers of the corporation, in paying operating expenses of their company. The Colorado Highway Transport, Inc., went out of business and plaintiff, as surety on its bond, was obligated to, and did, pay the several C.O.D. accounts to the respective consignors of merchandise.

Plaintiff filed suit to collect the loss thus sustained from the officers of the carrier company, who were responsible for the conversion of the C.O.D. collections.

Defendants in their answer admitted collection of the C.O.D. items and further admitted that they did not remit to the consignors of the merchandise transported by them on a C.O.D. basis. They deny any wrongful conversion and allege that as officers of the transport company they were not guilty of any act warranting the entry of judgment against them. It is the contention of defendants that since they received no personal benefit from the misapplication of the funds, plaintiff's remedy is to seek judgment against the carrier corporation.

Counsel for defendants argues that they "Did not do anything deliberately or wilfully to create this situation which resulted in the non-payment of the C.O.D.'s in question." The trial court entered judgment in favor of

plaintiff, and defendants seeking reversal of the judgment bring the cause here by writ of error.

Defendants admit that the money received by them, which belonged to the consignors of the merchandise, actually was used by the carrier company to pay wages of its employees. It could scarcely be contended that defendants could have taken the consigned merchandise and used it to pay their employees. The carrier company, upon delivery of the merchandise, received money belonging to the consignor of such merchandise, and the money thus collected was in their hands for the use and benefit of such consignor. The argument on behalf of defendants seems to be that because they commingled the money belonging to the consignors with the funds of the carrier company, some new or novel defense has been established which relieves them of individual liability for the conversion of the money. With this contention we cannot agree.

The judgment of the trial court was correct, and accordingly is affirmed.

MR. JUSTICE KNAUSS, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.